D. Maimon Kirschenbaum
Charles E. Joseph
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the FLSA
Collective Plaintiffs*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

NATALIE JACOB, MICHAEL
MARGIOTTA, EMILY GRECZEL, and
ERIC GRECZEL, on behalf of themselves
and other similarly situated,

        **Plaintiffs,**

        v.

PRANA HOSPITALITY, INC. and RAJIV
SHARMA
        **Defendants.**
-------------------------------------------------------x

**COMPLAINT**

    1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege

as follows:

**JURISDICTION AND VENUE**

    2.    This Court has original federal question jurisdiction under 28 U.S.C. §

1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

*et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.      All Defendants are hereinafter collectively referred to as "Defendants."

5.      Defendant Prana Hospitality, Inc. is a corporation operating Pranna restaurant in New York, New York.

6.      Upon information and belief, Prana Hospitality, Inc. has an annual gross volume of sales in excess of $500,000.

7.      Defendant Rajiv Sharma is an owner and operator of Pranna.  Upon information and belief, Defendant Sharma exercises sufficient control of each restaurant's day to day operations to be considered an employer of Plaintiffs under the FLSA and New York Labor Law.

8.      Plaintiffs were all employed by Defendants in various service positions at Pranna restaurant within the relevant limitations periods.

## FACTS

9.      Defendants committed the following alleged acts knowingly, intentionally and willfully.

10.     Plaintiffs worked for Defendants as servers/bartenders within the last three years.

11.     In or about August of 2010, Plaintiff Michael Margiotta complained to management at Prana Restaurant about its illegal practice of failing to distribute to service employees all tips/gratuities paid by private event hosts.

12.     Mr. Margiotta asked Mr. Sharma to see copies of the tip records and records of how the tips were distributed.

13.     Shortly thereafter, Mr. Sharma terminated Mr. Margiotta's employment with Prana in retaliation for his complaints about Prana's illegal tip-sharing practices. Mr. Sharma told Mr. Margiotta that he was being fired for "asking too many questions."

14.     On August 31, 2010, several individuals, including Plaintiff Michael Margiotta, Natalie Jacob, and Emily Greczel filed a complaint against Defendants accusing Defendants of violating the FLSA's overtime requirements and NYLL's regarding the distribution of tips.

15.     Prana immediately retaliated against Plaintiffs.

16.     Several days after the lawsuit was filed Mr. Sharma informed Eric Greczel that "it would be better" if he left his employment with Prana, because his wife, Emily Greczel, was involved with the lawsuit.

17.     Specifically, days after the lawsuit was filed, Prana drastically reduced Natalie Jacobs' shifts from roughly 5 shifts to 2 or 3 shifts per week. Eventually her shifts were reduced to zero, and she was effectively terminated.

18.     Days after the lawsuit was filed, Prana drastically reduced Emily Greczel's shifts from 5-6 shifts per week to 1-3 shifts per week.

19.     Upon information and belief, Defendants have provided poor employment references for Mr. Margiotta in retaliation for his complaints about Defendants' retaliation and involvement in the lawsuit.

## FIRST COUNT
### (FLSA- Retaliation- 29 USC § 215)

20.     Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

21.     Defendants willfully and unlawfully retaliated against Plaintiffs for their execution of protected activities, namely their complaint of illegal wage deductions.

22.     In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

23.     Defendants' conduct violated the FLSA § 215.

24.     As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

25.     As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, the Plaintiffs have suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## SECOND COUNT
### (New York State Labor Law- Retaliation- New York Labor Law § 215 *et seq)*

26.     Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

27.     Defendants willfully and unlawfully retaliated against Plaintiffs for their execution of protected activities, namely their complaint of illegal wage deductions.

28.     In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

29.     Defendants' conduct violated the New York Labor Law § 215.

30.     As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

31.     As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, the Plaintiffs have suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.     a declaratory judgment that the practices complained herein are unlawful under New York State and Federal law;

2.     appropriate equitable and injunctive relief to remedy Defendants' violations of New York and Federal law, including but not limited to an ordering enjoining Defendants from continuing its unlawful practices;

3.     an award of damages, exclusive of liquidated damages and prejudgment interest, to be paid by Defendants, according to proof;

4.     pre-judgment and post-judgment interest as provided by law;

5.     attorneys' fees and costs of suit, including expert fees and fees; and

6.     such other injunctive and equitable relief as the Court may deem necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        April 8, 2011

                                    JOSEPH, HERZFELD, HESTER &
                                    KIRSCHENBAUM LLP

                                    By: _____
                                        D. Maimon Kirschenbaum

                                    Charles E. Joseph
                                    233 Broadway
                                    5th Floor
                                    New York, NY 10279
                                    Tel: (212) 688-5640
                                    Fax: (212) 688-2548

                                    *Attorney for Plaintiffs, proposed collective
                                    action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.